```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
TIME INC. RETAIL, F/K/A TIME/WARNER                          :
RETAIL SALES & MARKETING, INC.,                              :    16-CV-09479 (VSB) (JLC)
                                                             :
                                                             :
            Plaintiff,                                       :    ORDER
                                                             :
                    - against -                              :
                                                             :
NEWSWAYS SERVICES, INC.,                                     :
                                                             :
                            Defendant.                       :
                                                             X
------------------------------------------------------------
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/22/2018

VERNON S. BRODERICK, United States District Judge:

On April 24, 2017, I ordered that default judgment be entered against Defendant Newsways Services, Inc. on the issue of liability, and referred the matter to United States Magistrate Judge James L. Cott for an inquest to determine the appropriate amount of damages. (Doc. 19.) Before me is the detailed and thorough Report and Recommendation of Magistrate Judge Cott, issued on January 8, 2018 ("Report and Recommendation" or "R&R"), recommending that I award Plaintiff damages in the amount of $326,509.57 with respect to the default judgment entered against Defendant. (Doc. 34.) No objections, timely or otherwise, have been filed.[1] Because I agree with Magistrate Judge Cott's decision, I adopt the Report and Recommendation in its entirety and award Plaintiff $326,509.57 in damages as a result of Defendant's default on the breach of contract, unjust enrichment, and action on account claims.

---

[1] Magistrate Judge Cott's Report and Recommendation advised that "the parties shall have fourteen (14) days from service of this Report to file written objections." (R&R 12.)

**I.  Factual and Procedural Background**

The facts set forth in the Report and Recommendation are incorporated herein by reference unless otherwise noted. Familiarity with the facts is assumed and I recite here only those facts necessary for an understanding of the issues before me.

On December 8, 2016, Plaintiff initiated this action by filing its Complaint, asserting claims against Defendant for breach of contract, unjust enrichment, and action on account. (Doc. 1.) Defendant was served with the Complaint on January 10, 2017. (Doc. 6.) Defendant did not appear in the case, answer, or otherwise respond to the Complaint.

On February 24, 2017, Plaintiff filed a request for default against Defendant and an affidavit with exhibits in support. (Docs. 8, 9.) The Clerk of Court entered a Certificate of Default against Defendant on February 27, 2017. (Doc. 13.) Plaintiff sought, and I issued, an Order to Show Cause on March 13, 2017, directing Defendant to show cause why an order should not be issued granting Plaintiff a default judgment. (Doc. 15.) Defendant was served with the Order to Show Cause on March 13, 2017. (Doc. 16.) The Order to Show Cause hearing was held on April 21, 2017. Defendants did not appear at the hearing or request an adjournment. On April 24, 2017, after Defendant had failed to appear for the April 21 Order to Show Cause hearing, I ordered that default be entered against Defendant on the issue of liability, and referred the matter to Magistrate Judge Cott for an inquest on damages. (Doc. 19.)

On April 25, 2017, Magistrate Judge Cott issued a Scheduling Order instructing Plaintiff to submit Proposed Findings of Fact and Conclusions of Law with respect to its claimed damages no later than May 22, 2017. (Doc. 21.) Magistrate Judge Cott directed that Plaintiff's submission should "specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established; should demonstrate how Plaintiff has arrived at the proposed

damages figure(s); and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages." (*Id.*) After seeking and obtaining an extension of time, (Docs. 22, 23), Plaintiff filed its Proposed Findings of Fact and Conclusions of Law on June 5, 2017, (Doc. 24). However, the submission did not include documentary evidence or other material sufficient to establish Plaintiff's alleged damages; therefore, on October 24, 2017, Magistrate Judge Cott issued an order finding that Plaintiff's submissions were "insufficient, without more, to satisfy Plaintiff's burden of establishing the damages to which it is purportedly entitled," (Doc. 26). The order also provided Plaintiff with an opportunity to supplement its submissions "with any additional evidence, authorities, and legal arguments it may wish to bring to the Court's attention." (*Id.*)

On November 7, 2017, Plaintiff timely supplemented its inquest papers by filing a memorandum of law and a supplemental affidavit with exhibits. (Docs. 27, 28.) In its inquest papers, Plaintiff sought an award of $326,509.57 in damages.

## II. Analysis

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). With regard to a report and recommendation that is not objected to, or the unobjected-to portions of a report and recommendation, a district court reviews the report and recommendation, or the unobjected-to

portion thereof, for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

"Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Court "should take the necessary steps to establish damages with reasonable certainty." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

I have reviewed Judge Cott's thorough and well-reasoned Report and Recommendation and find no clear error. Judge Cott reached his determination after a careful review of Plaintiff's submissions. I therefore adopt Judge Cott's recommended judgment for the reasons stated in the R&R.

### III. Conclusion

Having reviewed the Report and Recommendation for clear error and found none, I hereby adopt the Report and Recommendation in its entirety.

The Clerk of the Court is respectfully directed to enter judgment against Defendant and close this case.

SO ORDERED.

Dated: May 22, 2018
   New York, New York

*[signature]*
Vernon S. Broderick
United States District Judge